UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRED WASHINGTON,

        Plaintiff,

  v.                                          Case No. 06-C-1043

PETER ERICSON, et al.,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Washington, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Wisconsin Resource Center as a Chapter 980 inmate, although this lawsuit involves his previous incarceration at the Green Bay Correctional Institution (GBCI).

Plaintiff has also filed a motion to proceed *in forma pauperis.* 28 U.S.C. § 1915. Because plaintiff is indigent, the motion will be granted. Under § 1915(e)(2), I maintain a duty to determine at the outset whether the complaint is frivolous or fails to state a claim on which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

According to the complaint, plaintiff's inmate account (while he was at Green Bay Correctional) was credited with $400 after an individual unknown to the plaintiff deposited the

money on his behalf. Upon learning of this, plaintiff immediately asked the staff to return the money to the sender, as plaintiff knew better than to accept unexpected money from a complete stranger. The staff never responded to his request to return the money. Soon after, however, he was brought up on disciplinary charges for lying and for unauthorized transfer of property, charges apparently related to the mysterious $400. After a hearing, he was found guilty and sentenced to 120 days in segregation, of which he served two months. He now asserts that the staff's failure to return the money to its sender violated his due process rights. He also claims the defendants who found him guilty of the charge committed "deliberate indifference" and violated due process.

The first of plaintiff's assertions is baseless. There is no due process right to order prison officials to dispose of money. Due process protects the *deprivation* of property, not the *disbursement* of property in any fashion an individual sees fit. Accordingly, the fact that prison officials (now sued as John Doe defendants) did not dispose of money in the fashion the plaintiff preferred does not implicate any rights protected by the Constitution.

The plaintiff's second claim is almost as baseless. There is, as a general rule, no due process right to be placed in a particular level of confinement within one's prison. Thus, whether or not the plaintiff was actually guilty of the offense charged, he likely had no protected right to remain in the general population during the two months he was confined in segregation because segregated confinement for disciplinary purposes does not generally create the atypical, significant deprivation that might implicate a liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 486 (1995). As the Seventh Circuit has noted, "[w]hen the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty."

*Lekas v. Briley,* 405 F.3d 602, 610 (7th Cir. 2005) (quoting *Wagner v. Hanks,* 128 F.3d 1175, 1176 (7th Cir. 1997)).

Yet the complaint gives no detail about the nature of the plaintiff's confinement in segregation. Although nothing suggests it was atypical, I cannot conclude as a matter of law that the conditions in disciplinary segregation at GBCI were not an atypical and significant hardship. While all indications and precedent suggest the plaintiff's complaint will ultimately be dismissed, *Lekas* makes clear that dismissal at an early stage can only occur when the plaintiff pleads himself out of court. "By virtue of his complaint's description of conditions in disciplinary segregation that mirror those in discretionary segregation, and in light of its detailed recitation of hardships that fall short of a liberty deprivation, Lekas has pled himself out of court." *Id.* at 613. Because the plaintiff's complaint is cursory, it leaves open the scarce possibility that his liberty interest may have been implicated. Thus, I cannot dismiss the complaint based on the failure to allege a protected liberty interest.

But even if I assumed Washington could show a protected interest, the complaint fails to allege a violation of due process. In fact, the plaintiff admits that he was presented with the charges against him and then was given a hearing–it is simply the fact that he lost that he complains about. The fact that one loses a hearing does not in any way mean that the procedures for holding the hearing were inadequate. "Assuming for the sake of argument that [plaintiff] had a protectible liberty interest, the consequence that would follow is that he would be entitled to due process. In this context, due process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken."

3

*Lagerstrom v. Kingston,* 2006 WL 2567516, *3 (7th Cir. 2006). Moreover, the plaintiff does not allege that he completed the process that the state afforded him. In Wisconsin an inmate can obtain state judicial review of disciplinary decision by filing a petition for writ of certiorari in the state circuit court. *See Peckham v. Krenke,* 229 Wis.2d 778, 601 N.W.2d 287, 289-90 (Wis. Ct. App. 1999). Recourse to federal court before state procedures are followed short-circuits the very process that the plaintiff alleges is deficient. Accordingly, because the complaint alleges that the plaintiff did receive due process, this claim will be dismissed as well.

**IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Dated this   12th   day of October, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge